UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEXANDER GOMEZ,

                      Plaintiff,                          Case No.: 1:20-cv-06564-KPF

    -against-

BODEGA RESTAURANT GROUP CORP. d/b/a BODEGA    **ANSWER AND**
PIZZA and GVS PROPERTIES II, LLC                      **CROSS-CLAIM**

                      Defendants.
------------------------------------------------------------------X

Defendant GVS PROPERTIES II, LLC ("GVS" or "Defendant"), by and through its attorneys, Valiotis & Novella PLLC, hereby answers the Complaint, filed August 18, 2020 (the "Complaint"), by Plaintiff ALEXANDER GOMEZ ("Plaintiff"), herein as follows:

## NATURE OF CLAIMS

1. Defendant denies each and every allegation contained in Paragraph 1 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

2. Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

4. Defendant admits that venue is proper in this Court, and otherwise denies the rest of the allegations in Paragraph 4 of the Complaint.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that it is the owner of the property known as 4455 Broadway, New York, New York 10040 (the "Premises"), and otherwise denies the rest of the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Defendant admits it is the owner of the Premises, denies the rest of the allegations in Paragraph 10 of the Complaint, and respectfully refers the Court to the underlying statutes for interpretation.

11. Defendant admits it is the owner of the Premises, denies the rest of the allegations in Paragraph 11 of the Complaint, and respectfully refers the Court to the underlying statutes for interpretation.

12. Defendant denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in Paragraph 17 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

18. Defendant denies each and every allegation contained in Paragraph 18 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

19. Defendant denies each and every allegation contained in Paragraph 19 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, including of subparts I. through XVII.

21. Defendant denies each and every allegation contained in Paragraph 21 of the Complaint.

22. Defendant denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in Paragraph 23 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

24. Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

31. Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 30 above as if set forth specifically herein.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in Paragraph 33 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

34. Defendant denies each and every allegation contained in Paragraph 34 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

35. Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

36. Defendant denies each and every allegation contained in Paragraph 36 of the Complaint.

37. Defendant denies each and every allegation contained in Paragraph 37 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

38. Defendant denies each and every allegation contained in Paragraph 38 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

39. Defendant denies each and every allegation contained in Paragraph 39 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

40. Defendant denies each and every allegation contained in Paragraph 40 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

41. Defendant denies each and every allegation contained in Paragraph 41 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

42. Defendant denies each and every allegation contained in Paragraph 42 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

46. Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

47. Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 46 above as if set forth specifically herein.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

49. Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

52. Defendant denies each and every allegation contained in Paragraph 52 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

53. Defendant denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Defendant denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Defendant denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of the Complaint.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

57. Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 56 above as if set forth specifically herein.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

59. Defendant avers that the allegations set forth in Paragraph 59 of the Complaint state a legal conclusion to which no response is required. To the extent Paragraph 59 of the Complaint contains factual allegations, Defendant denies each and every allegation.

60. Defendant denies each and every allegation contained in Paragraph 60 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

61. Defendant denies each and every allegation contained in Paragraph 61 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

62. Defendant denies each and every allegation contained in Paragraph 62 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

63. Defendant denies each and every allegation contained in Paragraph 63 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

64. Defendant denies each and every allegation contained in Paragraph 64 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

65. Defendant denies each and every allegation contained in Paragraph 65 of the Complaint.

66. Defendant denies each and every allegation contained in Paragraph 66 of the Complaint.

67. Defendant denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Defendant denies each and every allegation contained in Paragraph 68 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

69. Defendant denies each and every allegation contained in Paragraph 69 of the Complaint.

70. Defendant denies each and every allegation contained in Paragraph 70 of the Complaint.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

71. Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 70 above as if set forth specifically herein.

72. Defendant denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Defendant denies each and every allegation contained in Paragraph 73 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

## INJUNCTIVE RELIEF

Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 74 above as if set forth specifically herein.

75. Defendant denies each and every allegation contained in Paragraph 75 of the Complaint.

76. Defendant denies each and every allegation contained in Paragraph 76 of the Complaint.

77. Defendant denies each and every allegation contained in Paragraph 77 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

## DECLARATORY RELIEF

Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 77 above as if set forth specifically herein.

78. Defendant denies each and every allegation contained in Paragraph 78 of the Complaint.

## DECLARATORY RELIEF

Defendant repeats and reiterates each and every response to the allegations set forth in Paragraphs 1 through 78 above as if set forth specifically herein.

79. Defendant denies each and every allegation contained in Paragraph 79 of the Complaint and respectfully refers the Court to the underlying statutes for interpretation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

80. Plaintiff fails to satisfy the "controversy" requirement of Article III of the Constitution because Plaintiff fails to allege facts in his Complaint to establish an injury-in-fact against Defendant when Plaintiff fails to show that he had genuine intention to return to and access the Premises but for the existence of access barriers which are under Defendant's control.

### SECOND AFFIRMATIVE DEFENSE

81. Defendant is informed and believes, and based thereon, alleges, Plaintiff has not suffered any damage, did not personally encounter the alleged violations, and was not deterred

from accessing the Premises as a result of any actions taken by Defendant. Plaintiff is thereby barred from asserting any claim against Defendant.

### THIRD AFFIRMATIVE DEFENSE

82. Plaintiff fails to state a cause of action upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

83. Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### FIFTH AFFIRMATIVE DEFENSE

84. Plaintiff is not entitled to the relief sought in the Complaint to the extent said relief is not available under the applicable statutory provisions.

### SIXTH AFFIRMATIVE DEFENSE

85. If there is any liability as to Defendant, such liability is reduced by several liability of parties, named or unnamed in this lawsuit.

### SEVENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims against Defendant, in whole or in part, are barred when Defendant does not control and manage the area which allegedly constitutes or contains barriers to Plaintiff's access to the Premises.

### EIGHTH AFFIRMATIVE DEFENSE

87. The alleged injury of Plaintiff was the result of acts and/or omission of other parties over whom the answering Defendant had no control.

## NINTH AFFIRMATIVE DEFENSE

88. The building in question was built prior to the enactment of the Americans with Disabilities Act and the Human Rights Law and is not subject to the provisions of these laws and regulations.

## TENTH AFFIRMATIVE DEFENSE

89. The accommodations sought by Plaintiff are not required or reasonable under the circumstances presented.

## ELEVENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, precluded, or limited by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

91. Insofar as Defendant has not made the alterations to the Premises at issue, which Plaintiff contends should have been made, those changes were not and are not required under Federal or New York law, and any requirements to make those changes would impose an undue burden upon Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

92. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the violations alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's property and/or services.

## FOURTEENTH AFFIRMATIVE DEFENSE

93. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements would be structurally impracticable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

94. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the allegedly architectural barriers identified in the Complaint would be technically infeasible.

**SIXTEENTH AFFIRMATIVE DEFENSE**

95. Plaintiff's claims may be barred by the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be so barred and cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defense as though fully set forth herein.

96. Defendant reserves the right to assert additional affirmative defenses as such additional defenses become known through investigation, discovery or otherwise.

**CROSS-CLAIM AGAINST DEFENDANT BODEGA RESTAURANT GROUP CORP. d/b/a BODEGA PIZZA**

97. Pursuant to a written lease agreement between Bodega Restaurant Group Corp. ("Bodega") and Defendant (the "Lease"), Bodega was required to maintain the Premises in accordance with all Federal, State and Local laws, including but not limited to the requirements of The American with Disabilities Act.

98. Pursuant to the Lease, Bodega must indemnify and save harmless Defendant from all liabilities, obligations, damages, penalties, claims, costs and expenses from Bodega's breach of the Lease.

99. Accordingly, Bodega is liable for any and all damages incurred as a result of this action and liable to Defendant for contribution and/or indemnification and shall pay for all or part of any judgment that is rendered against Defendant.

WHEREFORE, Defendant demands judgment dismissing the Complaint, and further demands judgment against Bodega in favor of Defendant on its cross-claim, together with the costs, disbursements and attorneys' fees incurred herein, and for such other and further relief as this Court deems just, proper and equitable.

Dated: Long Island City, New York
October 22, 2020

                                    **VALIOTIS & NOVELLA PLLC**

                                    By: _____
                                      Katie L. Bireley, Esq., Of Counsel
                                      Attorneys for Defendant GVS
                                      31-10 37th Avenue, Suite 500
                                      Long Island City, New York 11101
                                      Tel.: (718) 906-7125

TO:    Gabriel A. Levy, Esq.
          Gabriel A. Levy, P.C.
          415 Red Hook Lane, Suite 6E
          Brooklyn, New York 11201

          Bodega Restaurant Group Corp.
          4455 Broadway
          New York, New York 10040